**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

ALICE MARIE BRUCE A/K/A ALICE BRUCE,
ROY W. BRUCE, JR.,

    Plaintiffs,

v.                                                       Case No. 8:25-cv-00404-MSS-AEP

U.S. BANK NATIONAL ASSOCIATION
AS TRUSTEE, SUCCESSOR IN INTEREST
TO BANK OF AMERICA, NATIONAL
ASSOCIATION AS TRUSTEE
SUCCESSOR BY MERGER TO LASALLE BANK,
NATIONAL ASSOCIATION AS TRUSTEEE FOR
WASHINGTON MUTUAL ASSET-BACKED
CERTIFICATES WMABS
SERIES 2006-HE3 TRUST,

    Defendant.
_____/

**ORDER**

This cause comes before the Court upon Plaintiff's Motion to Disqualify Defendant's Counsel (Doc. 30) and Defendant's Response in Opposition thereto (Doc. 36). By the motion, Plaintiffs request to disqualify Attorney Meghan Keane and Attorney Bitman O'Brien as counsel for Defendant U.S. Bank National Association ("U.S. Bank") due to an alleged conflict of interest. Specifically, Plaintiffs claim that because they filed a Second Amended Complaint[1] (Doc. 21),

---

[1] In their Motion to Disqualify, Plaintiffs incorrectly asserted their **First** Amended Complaint named Attorney Keane and Attorney O'Brien as defendants (emphasis added). However, Plaintiffs named Attorney Keane and Attorney O'Brien as defendants in the **Second** Amended Complaint (emphasis added).

naming Attorney Keane and Attorney O'Brien as co-defendants in the lawsuit, Attorney Kean's and Attorney O'Brien's dual role as both co-defendants and counsel for U.S. Bank creates a conflict of interest. Defendant opposes the motion.

"Disqualification of a party's chosen counsel is an extraordinary remedy not generally in the public interest—a remedy that should be employed only sparingly." *First Impressions Design & Mgmt. Inc. v. All that Style Interiors Inc.*, 122 F.Supp.2d 1352, 1355 (S.D. Fla. 2000). "The party bringing the motion to disqualify bears the burden of proving grounds for disqualification." *Hermann v. GutterGuard, Inc.*, 199 F.App'x 745, 752 (11th Cir. 2006) (*citing In re Bellsouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003)).

"A client's choice of counsel is entitled to 'substantial deference,' and any movant seeking to sever that relationship through disqualification must meet a high standard of proof." *Fenik v. One Water Place*, No. 3:06cv514/RV/EMT, 2007 WL 527997, at 4 (N.D. Fla., Feb. 14, 2007). "Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if 'compelling reasons' exist." *Id.* "[T]he court may not simply rely on a general inherent power to admit and suspend attorneys," but must identify an ethical rule and find that counsel violated it…The court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule in order to disqualify the attorney." *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997).

As an initial matter, Plaintiffs did not obtain the proper leave of court to amend the (First) Amended Complaint to add Attorney Keane and Attorney O'Brien as co-defendants. However, assuming *arguendo*, the Plaintiffs properly filed the Second Amended Complaint in accordance with the Federal Rules of Civil Procedure, they did not identify a compelling reason to disqualify Attorney Meghan Keane or Attorney Bitman O'Brien. Plaintiffs, themselves, created the alleged conflict of interest when they attempted to name the defense attorneys in their Second Amended Complaint. By Plaintiffs' rationale, any plaintiff could gain a tactical advantage over defense counsel simply by amending the Complaint to add the defense counsel's name.  Certainly, this type of gamesmanship is not intended by the Federal Rules of Civil Procedure. Moreover, nothing in the record indicates that Attorney Keane or Attorney O'Brien violated an ethical rule or a professional rule of conduct.

This Court finds nothing in the record indicates a compelling reason to disqualify Attorney Keane and Attorney O'Brien as counsel for U.S. Bank, and there is no conflict of interest in Attorney Kean and Attorney O'Brien representing U.S. Bank.

Accordingly, it is hereby

ORDERED:

1. Plaintiff's Motion to Disqualify Defendant's Counsel is DENIED.

DONE AND ORDERED in Tampa, Florida, on this 21st day of May, 2025.

_____
ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record

4